**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Louis D. Burnett,** ) | **CASE NO. 1:21 CV 2322** |
| ) | |
| Plaintiff, ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| v. ) | |
| ) | **Memorandum of Opinion and Order** |
| **Ohio Adult Parole Authority,** *et al.*, ) | |
| ) | |
| Defendant. ) | |

## INTRODUCTION

*Pro se* Plaintiff Louis D. Burnett filed this action under 42 U.S.C. § 1983 against the Ohio Adult Parole Authority ("OAPA"). In the Complaint, Plaintiff alleges he was unfairly found guilty of a supervised release violation. Plaintiff asserts claims for abuse of power, abuse of discretion, wrongful incarceration, and "violation of civil rights and due process." (Doc. No. 1 at 1). He seeks unspecified "relief from an unjust entity disguised as a representative of the state." (Doc No. 1 at 1).

## BACKGROUND

Plaintiff was involved in an altercation with Vincent Henderson outside of a Freemont, Ohio bar called the Copper Penny. Several witnesses reported that a gun had been displayed but the statements were not consistent on the issue of who had pulled the gun. An employee of the bar went outside and then reported to others inside the bar that a gun had been drawn, although she stated she did not personally see the gun. She later told an officer that she thought Plaintiff

had the gun. Henderson reported that Plaintiff had the gun and threatened him. Others reported witnessing the altercation but not seeing either party with a gun. The OAPA conducted a violation hearing and found Plaintiff guilty of violating the terms of his release. They sentenced him to 214 days incarceration. Plaintiff asserts claims for abuse of power, abuse of discretion, wrongful incarceration, and "violation of civil rights and due process."

## **STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A

pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### DISCUSSION

As an initial matter, Plaintiff does not specify what relief he is seeking from this Court. To the extent Plaintiff is seeking a reversal of his parole violation conviction and release from prison, his case must be dismissed. To obtain this type of relief, his sole remedy is habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). This Court cannot reverse a parole violation conviction and order his release from prison through a civil rights action.

Moreover, to the extent Plaintiff is seeking monetary damages, he cannot proceed with his claims against the OAPA. The OAPA is a state agency. The Eleventh Amendment is an absolute bar to the imposition of liability upon states and state agencies. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985).

### CONCLUSION

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                        /s/ Patricia A. Gaughan
                                                        PATRICIA A. GAUGHAN
                                                        United States District Court
Dated: 3/15/22                                   Chief Judge